UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KYLE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-367 |
| | § | |
| NUECES COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS
CASE FOR FAILURE TO PROSECUTE**

Plaintiff filed this prisoner Civil Rights complaint pursuant to 42 U.S.C. § 1983 on September 2, 2014.  (D.E. 1).  On September 3, 2014, the U.S. District Clerk notified Plaintiff his pleading was deficient for failure to pay the filing fee or requesting to proceed *in forma pauperis*. (D.E. 4).  The notice instructed Plaintiff to either pay the filing fee or to file a certified copy of his inmate trust fund statement and an IFP application.  Plaintiff was directed to comply by October 3, 2014, and notified that failure to comply may result in his case being dismissed.  Plaintiff received a copy of the Clerk's Notice on September 9, 2014.  (D.E. 6).  On September 22, 2014, Plaintiff filed an IFP application but did not submit a certified copy of his inmate trust fund statement as instructed.  (D.E. 5).

On November 26, 2014, the Court entered a Notice of Deficiency and ordered Plaintiff again to either pay the filing fee or submit an IFP application along with a copy of his trust fund statement by December 29, 2014. (D.E. 7).  Plaintiff was again notified that failure to comply may result in dismissal for want of prosecution. Fed. R. Civ. P. 41(b).  Plaintiff did not receive a copy of this Notice because it was twice returned as undeliverable stating "recipient no longer here."  (D.E. 8 and D.E. 9).

The undersigned then acquired Petitioner's new address and entered a second Notice of Deficiency on February 3, 2015 ordering Plaintiff to either pay the filing fee or submit an IFP application along with a copy of his trust fund statement by February 20, 2015.  (D.E. 10).  Plaintiff was also directed to immediately notify the Court of any change of address and that continued failure to comply with this Court's orders may result in dismissal for want of prosecution.  Fed. R. Civ. P. 41(b).  To date, Petitioner has failed to comply.

By not filing a proper IFP application and trust fund statement or paying the filing fee and by failing to provide the Court with his current address, Plaintiff has prevented this action from proceeding and has, therefore, failed to prosecute his lawsuit.  Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b). *See also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)(holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).  The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to provide a complete IFP application or to pay the filing fee. If, however, within 14 days of the date of this recommendation, Plaintiff contacts the

Court and complies with the previous orders, the Court should refer the case back to the undersigned for further review.

ORDERED this 3rd day of March, 2015.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).