IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KYLE JONES, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL NO. 2:14-CV-367 |
| § | |
| NUECES COUNTY JAIL, § | |
| § | |
| Defendant. § | |

## ORDER

 BE IT REMEMBERED, that on April 1, 2015, the Court considered the Report and Recommendation ("R&R") of the magistrate judge to whom this action is referred pursuant to 28 U.S.C. § 636(b). Dkt. No. 11. According to the docket sheet, Plaintiff has not paid the filing fee, submitted a statement of his prisoner trust account statement, or filed objections to the R&R. Plaintiff's fourteen-day deadline for submitting a prisoner trust account statement, *see* Dkt. No. 11 at 4, and for filing objections to the R&R have passed. *See* Fed. R. Civ. P. 72(b)(2).

 In support of its decision to dismiss this action, the Court relies on the fact that the magistrate judge twice warned Plaintiff that he faced dismissal for failing to pay the filing fee or submit the required prisoner trust fund account statement as 28 U.S.C. § 1915(a)(2) requires. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal for failure to prosecute where prisoner plaintiff did not submit trust fund statement and pay filing fee after two warnings from magistrate judge and four months' time to comply). Further, the record provides no reason to believe that the statute of limitations has run on Plaintiff's claims and therefore that this dismissal will substantially prejudice his ability to refile this action. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (affirming dismissal of pro se prisoner's complaint for failure to prosecute and reasoning that, "[b]ecause the dismissal was without prejudice and the appellees concede no statute of limitation bars the refiling of appellant's claim, appellant has not suffered

prejudicial harm resulting from the dismissal"). Finally, given Plaintiff's failure to pay the filing fee or submit a prisoner trust fund account statement for nearly seven months, the Court finds that a lesser sanction would not prompt diligent prosecution. *See, e.g., Henderson v. Thaler*, No. 3:10-CV-0747-M, 2010 WL 2891060, at *2 (N.D. Tex. June 30, 2010) (dismissing for want of prosecution after two-and-a-half months and two warnings to plaintiff and finding that, "[i]n light of Petitioner's steadfast refusal to submit the $5.00 filing fee or a certified statement of the balance in his inmate trust account, a lesser sanction would not prompt diligent prosecution"); *Glasscock v. McGhee*, No. 6:06cv4, 2007 WL 649294 (E.D. Tex. Feb. 26, 2007) (adopting, over plaintiff's objection, magistrate judge's recommendation to dismiss for failure to prosecute where prisoner plaintiff did not pay filing fee).

For the foregoing reasons and after conducting a de novo review of Plaintiff's complaint, Dkt. No. 1; the R&R, Dkt. No. 11; and the entire record in this case, the Court adopts the R&R as the opinion of the Court and **DISMISSES** this civil action **WITHOUT PREJUDICE** for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

It is so ORDERED.

SIGNED this 1st day of April, 2015.

_____
Hilda Tagle
Senior United States District Judge